**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2368-19

DIANNE MERWIN,

     Petitioner-Appellant,

v.

BOARD OF TRUSTEES,
PUBLIC EMPLOYEES'
RETIREMENT SYSTEM,

     Respondent-Respondent.

_____

Argued June 30, 2021 – Decided March 2, 2022

Before Judges Accurso and DeAlmeida.

On appeal from the Board of Trustees of the Public Employees' Retirement System, Department of the Treasury, PERS No. xx-7563.

Daniel J. Zirrith argued the cause for appellant (Law Offices of Daniel J. Zirrith, LLC, attorneys; Daniel J. Zirrith, of counsel and on the briefs; Edward H. Kerwin, on the briefs).

Matthew Melton, Deputy Attorney General, argued the cause for respondent (Gurbir S. Grewal, Attorney General, attorney; Melissa H. Raksa, Assistant

Attorney General, of counsel; Matthew Melton, on the brief).

The opinion of the court was delivered by

DeALMEIDA, J.A.D.

Petitioner Dianne Merwin appeals from the January 16, 2020 final agency decision of the Board of Trustees (Board) of the Public Employees' Retirement System (PERS) denying her application for ordinary disability retirement benefits. We affirm.

I.

Merwin was employed by the New Jersey Judiciary as an Administrative Supervisor 1, Finance, in Hudson County. On November 4, 2015, as Merwin got up from her desk, her pant leg caught on an open drawer, causing her to lose her balance, strike her head on a shelf, and fall to the ground. She was treated at an emergency room and discharged the following day with complaints of hip pain, neck pain, and a headache. She never returned to work.

Dr. John E. Robinton conducted a neurological examination of Merwin shortly after the fall. He noted that Merwin reported disabling headaches and cognitive difficulties. He diagnosed her with a cervical strain and a concussion as a result of the fall. The doctor opined that Merwin was unable

to work in any capacity, but was hopeful that she would have a full recovery and be able to return to work after treatment. In the following months, Merwin continued to report that she was experiencing headaches and cognitive difficulties. Ultimately, Dr. Robinton opined that Merwin had reached maximum medical improvement, although she continued to have constant headaches, depression, and anxiety, and had not returned to work.

Around the same time, Dr. George J. Carnevale conducted a neuropsychological evaluation of Merwin to determine her level of neurocognitive functioning. He diagnosed Merwin with post-concussion syndrome and psychological adjustment issues and opined that she was capable of "light duty work" under specified conditions.

Merwin subsequently requested accommodations from the Judiciary in the form of a light duty assignment, the reassignment of other employees to mentor and support her to avoid multi-tasking, and a quiet workplace. The Judiciary declined Merwin's proposed accommodations because there were no light duty positions available and the other employees at Merwin's workplace could not be assigned to watch over her work because they had their own duties to complete.

A-2368-19

Merwin subsequently applied to the Board for accidental disability retirement benefits. See N.J.S.A. 43:15A-43. She alleged that the fall was a traumatic event during and as a result of the performance of her duties that caused neurological, orthopedic, and psychological injuries resulting in her permanent and total disability from performing the regular duties of her position.

The Board denied her application. Although it found Merwin's fall was identifiable as to time and place, undesigned and unexpected, and the result of her regular and assigned duties, the Board concluded she was not permanently and totally physically disabled from performance of her regular job duties. In addition, the Board found Merwin was not permanently and totally psychologically disabled from performing such duties. Thus, the Board concluded Merwin was not entitled to any form of disability retirement benefits.

Merwin appealed the Board's decision and the matter was transferred to the Office of Administrative Law. At a hearing, Merwin presented the expert testimony of Dr. Anca Bereanu, a Board-certified clinical neurologist. Dr. Bereanu testified that as a result of the fall, Merwin suffered a closed-head trauma with retrograde amnesia, cervical and lumbar strain/contusion,

4

aggravation of cervical degenerative joint disease, degenerative disc disease cervical spine with herniated discs, lumbar spine with bulging discs, post-concussive syndrome with residual mild cognitive deficits, headaches, and moderate reactive depression due to chronic sleep dysregulation. She opined that Merwin was unable to work in any capacity as the result of the physical injuries she sustained in the fall.

Dr. Bereanu acknowledged that prior to the fall Merwin had clear manifestations of anxiety and depression. She opined that those psychological conditions were significant contributing factors to her present disability, but were not independently sufficient to be disabling or permanently and totally disabling.

The Board presented the expert testimony of Dr. Steven Lomazow, an expert in neurology. Dr. Lomazow testified that he found no objective evidence of Merwin having a permanent and total neurological disability. His examinations showed normal neurological functions, including motor function, sensory function, coordination, and gait, as well as no significant deficits in memory. Dr. Lomazow opined, however, that Merwin had an inability to return to work due to psychological conditions that predated the fall and an "adjustment disorder" that developed because of the fall. He also opined that

5

the combination of her existing psychological conditions and the psychological conditions that arose from the fall rendered Merwin permanently and totally psychologically disabled from the performance of her regular duties. He did not conduct any neuropsychological tests on Merwin before reaching this opinion, which he based only on his review of the opinions of other doctors who had examined Merwin as stated in medical records he reviewed.

Administrative Law Judge (ALJ) Elissa Mizzone Testa issued an initial decision and recommendation that, although not entitled to accidental disability retirement benefits, Merwin was permanently and totally disabled from the performance of her job duties. The ALJ, relying on the opinion of Dr. Lomazow, which she found to be the most credible offered at the hearing, concluded that Merwin suffered post-concussive syndrome, mild cognitive deficits, and headaches as a result of her fall. However, she concluded that those neurological conditions alone did not render Merwin permanently and totally disabled from performing her job duties. As a result, ALJ Testa determined that Merwin was not entitled to accidental disability retirement benefits because she did not establish that she had a permanent and total disability directly caused by a traumatic event at work.

A-2368-19

However, ALJ Testa adopted Dr. Lomazow's opinion that Merwin was permanently and totally disabled from performing the duties of her position as the result of the combination of her preexisting psychological conditions, including depression, anxiety, fibromyalgia, fatigue, and sleeping problems, and the psychological injuries resulting from the fall. Thus, the ALJ concluded, Merwin established she is entitled to ordinary disability retirement benefits, which the ALJ recommended be granted by the Board.

The Board filed exceptions to the ALJ's initial decision and recommendations. While the Board agreed with the ALJ's recommendation to deny Merwin accidental disability retirement benefits, it argued that she erred when she recommended awarding Merwin ordinary disability retirement benefits. The Board argued that Dr. Lomazow's opinion regarding Merwin's psychological conditions was outside the scope of his expertise and not based on his neuropsychological testing or evaluation of Merwin. According to the Board, Dr. Lomazow's opinion regarding Merwin's psychological conditions was predicated solely on the opinions of other experts expressed in medical

A-2368-19

records, rendering Dr. Lomazow's opinion on the subject inadmissible and unreliable.[1]

On January 16, 2020, the Board adopted ALJ Testa's finding that Merwin was not permanently and totally disabled from the performance of her job duties as a result of her fall and her recommendation to deny Merwin's application for accidental disability retirement benefits. However, the Board rejected the ALJ's finding that Merwin was permanently and totally disabled due the combination of her preexisting psychological conditions and the psychological conditions that arose because of the fall. As a result, the Board rejected the ALJ's recommendation that Merwin be granted ordinary disability retirement benefits.

The Board concluded that the testimony of Dr. Lomazow was not sufficient to support the ALJ's finding that Merwin had a permanent and total disability due to her psychological conditions because he was offered as an expert only in the field of neurology and testified that he did not conduct neuropsychological testing or evaluation of Merwin. In addition, the Board noted that the doctor did not offer his opinion to a reasonable degree of psychological certainty. While recognizing the relationship between neurology

---

[1] Merwin did not file exceptions to the ALJ's recommendation to deny her application for accidental disability retirement benefits.

and psychology, the Board noted they are distinct medical fields and concluded that "[t]o accept the testimony of a psychiatric disability" from a doctor qualified as an expert only in neurology and who conducted no neuropsychological tests on his patient "would be to ignore the distinction between the two specialties."

In addition, the Board found that Dr. Lomazow's opinion that Merwin had psychological conditions that lead to her permanent and total disability was based only on his repetition of the written opinions of other doctors who did not testify at the hearing. Thus, the Board concluded that Dr. Lomazow's testimony regarding Merwin's psychological conditions was based on hearsay, rendering his opinion inadmissible and unreliable.

This appeal followed. Merwin challenges the Board's decision to deny her ordinary disability retirement benefits. She argues that the Board erred in its rejection of the ALJ's conclusions regarding her permanent and total psychological disability and erroneously applied the law when rejecting Dr. Lomazow's opinion.

II.

Our review of decisions by administrative agencies is limited, with petitioners carrying a substantial burden of persuasion. In re Stallworth, 208

N.J. 182, 194 (2011). An agency's determination must be sustained "'unless there is a clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record.'" Russo v. Bd. of Trs., Police & Firemen's Ret. Sys., 206 N.J. 14, 27 (2011) (quoting In re Herrmann, 192 N.J. 19, 27-28 (2007)). "[I]f substantial evidence supports the agency's decision, 'a court may not substitute its own judgment for the agency's even though the court might have reached a different result . . . .'" In re Carter, 191 N.J. 474, 483 (2007) (quoting Greenwood v. State Police Training Ctr., 127 N.J. 500, 513 (1992)).

While we are not bound by an agency's interpretation of legal issues, which we review de novo, Russo, 206 N.J. at 27, "[w]e must give great deference to an agency's interpretation and implementation of its rules enforcing the statutes for which it is responsible." Piatt v. Bd. of Trs., Police & Firemen's Ret. Sys., 443 N.J. Super. 80, 99 (App. Div. 2015) (quoting St. Peter's Univ. Hosp. v. Lacy, 185 N.J. 1, 13 (2005)). "Such deference has been specifically extended to state agencies that administer pension statutes." Id. at 99.

We have carefully reviewed the record in light of the relevant legal precedents and find ample support for the Board's denial of Merwin's application for ordinary disability retirement benefits. A member of PERS is

entitled to ordinary disability retirement benefits when the member "is physically or mentally incapacitated for the performance of duty and should be retired." N.J.S.A. 43:15A-42. "The applicant for ordinary disability retirement benefits has the burden to prove that he or she has a disabling condition and must produce expert evidence to sustain this burden." Bueno v. Bd. of Trs., Teachers' Pension & Annuity Fund, 404 N.J. Super. 119, 126 (App. Div. 2008); see also Patterson v. Bd. of Trs., State Police Ret. Sys., 194 N.J. 29, 50-51 (2008).

Merwin argues she satisfied her burden because both Dr. Bereanu and Dr. Lomazow opined she is permanently and totally disabled from performing the regular duties of her positions. While it is true that both experts reached that conclusion, they did so on different grounds. Dr. Bereanu opined that Merwin's neurological conditions rendered her permanently and totally disabled. The ALJ rejected that opinion. She instead found more credible Dr. Lomazow's testimony that Merwin's neurological conditions did not cause her to be permanently and totally disabled. The ALJ adopted Dr. Lomazow's separate opinion that the combination of Merwin's preexisting psychological conditions and the psychological conditions that resulted from the fall rendered

11

her permanently and totally disabled from her position. It was the credibility of this opinion that was before the Board.

There is sufficient support in the record for the Board's determination that Dr. Lomazow's opinion regarding Merwin's psychological conditions was outside the scope of his expertise as a neurologist. Dr. Lomazow was not qualified as an expert in psychology, a distinct scientific discipline. We disagree with Merwin's argument that the Board drew too fine a line between neurology and psychology and see nothing in the record suggesting that the two sciences are interchangeable. An expert in one of those fields is not necessarily an expert in the other.

More importantly, Dr. Lomazow conceded that he did not conduct any neuropsychological tests or evaluations on Merwin. He, therefore, did not base his opinion on his personal observations of Merwin's psychological conditions. Dr. Lomazow instead relied on the opinions expressed by other medical providers in records of Merwin's past treatment. While those medical records may have been admitted as evidence, the expert opinions expressed therein were not. Dr. Lomazow provided no explanation of why he believed the opinions of these medical providers were credible, how those opinions were reached, and what other evidence he relied on to conclude that Merwin

was permanently and totally disabled due to psychological conditions. Nor did he testify that it was common in his field to diagnose psychological conditions merely by accepting the opinions of other providers in a patient's medical records. See N.J.R.E. 703 (requiring expert opinions to be based on facts or data derived from the expert's personal observations, evidence admitted at trial, or data of the type normally relied on by experts in the field when reaching such opinions); accord Polzo v. Cnty. of Essex, 196 N.J. 569, 583 (2008).[2]

We recognize Merwin's argument regarding the remedial nature of the pension statutes and her suggestion that those statutes should be read liberally to allow eligibility for benefits. However, as we have held, "although a person eligible for benefits is entitled to a liberal interpretation of a pension statute, 'eligibility [itself] is not to be liberally permitted.'" In re Adoption of N.J.A.C. 17:1-6.4, 17:1-7.5 & 17:1-7.10, 454 N.J. Super. 386, 399 (App. Div. 2018) (quoting Smith v. Dep't of Treasury, Div. of Pensions & Benefits, 390 N.J. Super. 209, 213 (App. Div. 2007)). The Board's decision falls well within the

_____

[2] We note that the medical records completed by Dr. Carnevale, on which Dr. Lomazow relied, suggest that Merwin is not permanently and totally disabled by her psychological conditions because Dr. Carnevale determined that she could perform "light duty" work.

13

discretion accorded to it by statute when interpreting eligibility for ordinary disability retirement benefits.

To the extent we have not specifically addressed any of Merwin's remaining arguments, we conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-2368-19